UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM ROBERT MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-03282-WTL-TAB |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, ) | |
| CORIZON MEDICAL, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint,
Dismissing Deficient and Improperly Joined Claims,
And Directing the Filing of an Amended Complaint**

The initial partial filing has been paid. The complaint filed September 15, 2017, is now subject to screening pursuant to statute.

**I. Screening Standard**

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a

valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Plaintiff's Complaint

Plaintiff William McCormick filed a fourteen-page complaint that names eleven defendants at two correctional facilities for possibly eleven separate grounds for relief brought as violations of the First, Fourth, Eighth, and Fourteenth Amendments. The Court discerns the following claims in plaintiff's complaint:

1. An Eighth Amendment policy or practice claim against the Commissioner of the Indiana Department of Correction for not allowing plaintiff to wear his medically necessary leg braces in prison and seizing them from him upon his reception in the prison system on January 8, 2016.

2. An Eighth Amendment deliberate indifference to serious medical needs claim when on January 8, 2016, an unidentified corrections officer took plaintiff's leg braces from him at his intake examination and refused to allow him to wear them.

3. An Eighth Amendment deliberate indifference to serious medical needs claim when an unidentified nurse at the Plainfield Correctional Facility on July 4, 2016, refused to follow a doctor's instruction that plaintiff should be given his leg braces.

4. An Eighth Amendment conditions of confinement claim against unspecified defendants alleging that his thirty-six square foot living space, shared with another inmate at the Plainfield Correctional Facility, was too small, was cold and damp, infested with bugs, had no air circulation, and significant leaks in the roof during rainfall.

5. An Eighth Amendment deliberate indifference to serious medical needs claim against unspecified defendants because of substantial delays in the ability to see a medical, dental, or psychiatric services provider.

6. An Eighth Amendment conditions of confinement claim against unspecified defendants for inadequate exercise opportunities.

7. An Eighth Amendment conditions of confinement claim against unspecified defendants for mixing inmates with different security levels thus risking the safety of inmates.

8. A Fourteenth Amendment due process claim against unspecified defendants for deficiencies in the prison grievance process.

9. An Eighth Amendment conditions of confinement claim against unspecified defendants for deficient staff training and supervision that puts the inmates' safety at risk.

10. An Eighth Amendment deliberate indifference to serious medical needs claim against Corizon Medical for its failure to maintain sufficient number of staff employees to meet the needs of the inmates.

11. An Eighth Amendment conditions of confinement claim against the Commissioner of the Department of Correction for his failure to maintain a sufficient number of staff employees to handle the medical and safety needs of the inmates.

With a small exception, this list of claims does not allege dates or timeframes, the name of a potential defendant who caused or participated in the conduct, the place it occurred, and in most

of the claims how plaintiff was harmed by the conduct. At the end of the complaint, plaintiff sets out a list of the persons he is suing, leaving it to the reader to associate a name with a ground for relief.

### III. Analysis

The complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure. That rule requires complaints to present a "short and plain statement" showing jurisdiction, entitlement to relief, and a demand for the types of relief sought. Additionally, this manner of pleading does not comply with Rule 20 of the Federal Rules of Civil Procedure which requires separate claims against different people to be brought in separate actions.

"[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *Fed. R. Civ. P*. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. But that is exactly what plaintiff has done here.

Liberally construing the complaint, the first claim – asserting that there is an unconstitutional practice or policy enforced in the Department of Correction that caused plaintiff's leg braces to be taken from him at the Reception Diagnostic Center and not provided to him during his incarceration – states a viable Eighth Amendment claim and, with amendment, may proceed. To proceed with this claim, plaintiff is directed to file an amended complaint **no later than**

4

**December 1, 2017**, setting forth a short and plain statement about the January 8, 2016, intake examination at the Reception Diagnostic Center. The defendant for this claim will be the Commissioner of the Indiana Department of Correction.

An Eighth Amendment deliberate indifference to serious medical needs claim against the intake examination correctional officer, unnamed in the complaint, could be added to this action if plaintiff learns the name of that officer through discovery or other means and moves to amend the complaint in a timely manner, or names him initially in the amended complaint. At this time, however, because the name of the officer is unknown, this particular claim cannot proceed. "[I]t is pointless to include [an] anonymous defendant . . . in federal court; this type of placeholder does not open the door to relation back under *Fed. R. Civ. P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

The claim against the Plainfield Correctional Facility nurse for not following the doctor's orders to furnish plaintiff with his leg braces states a viable deliberate indifference to serious medical needs claim. However, as with the former claim, this claim should not be filed against a John or Jane Doe defendant. *See Wudtke*, *supra*. If plaintiff learns the name of the nurse through discovery or other means, he may seek leave to amend his complaint and add the claim to this action, or specifically name the nurse when he files his amended complaint.

The remainder of the complaint contains claims that should be presented, if at all, in separate actions. Because plaintiff decides who to sue and why, the Court will not sever the separate claims into separate actions. *See Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). Should plaintiff elect to proceed on his other claims, he must file new

complaints in separate actions, seek *in forma pauperis* status or pay the filing fee in each action, and prosecute each action according to its own deadlines. Each new action will be subjected to the screening review mandated by 28 U.S.C. § 1915A, and any action found to be frivolous, malicious, or failing to state a claim upon which relief can be granted will be dismissed. Plaintiff is advised that the accumulation of three or more actions dismissed under Section 1915A will render him ineligible to obtain *in forma pauperis* status while a prisoner. 28 U.S.C. § 1915(g).

Before proceeding with separate actions with the remaining claims, plaintiff is also cautioned that his claims, as presented here, are devoid of any specific allegations regarding how plaintiff was harmed by any of the alleged conduct or how defendants were personally responsible for them. Without such allegations, plaintiff cannot state a Section 1983 claim. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation mark omitted).

Each of the other claims enumerated above, numbers four through eleven, are **dismissed** from this action. The claims cannot be joined with the three claims related to the leg brace, and as noted, they are insufficiently plead and fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### IV. Conclusion and Summary

Plaintiff's first claim may proceed after he files an amended complaint in this action, naming the Commissioner of the Indiana Department of Correction as defendant. Claims two and three may proceed in the same action if the defendants are timely identified. An amended complaint in this action shall be filed no later than **December 1, 2017**. The remaining claims, enumerated as four through eleven in Section II of this Entry, are dismissed without prejudice. All

individual defendants named in this action, and Corizon Medical, are dismissed. **The clerk is directed** to update the docket to reflect that the Commissioner of the Indiana Department of Correction is the sole remaining defendant in this action.

Should plaintiff believe the Court has overlooked a claim or defendants, he may have through December 1, 2017, in which to notify the Court.

**IT IS SO ORDERED**.

Date: 11/8/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Robert McCormick
257926
Plainfield Correctional Facility
Electronic Service Participant – Court Only