UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM ROBERT MCCORMICK, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-03282-WTL-TAB |
| COMMISSIONER, INDIANA DEPARTMENT OF CORRECTION; REBECCA TRIVETT, | ) |
| Defendants. | ) |

**Order Granting Defendant Commissioner's Motion for Summary Judgment,
Denying Plaintiff's Motion for Summary Judgment,
and Directing Further Proceedings**

**I. Introduction**

Plaintiff William Robert McCormick filed this 42 U.S.C. § 1983 action while he was an inmate in the Indiana Department of Correction (IDOC). He contends that his medically prescribed leg braces were confiscated from him upon his arrival at the Reception Diagnostic Center (RDC), and that the defendant Commissioner's policy to confiscate the braces, and defendant Trivett's (a nurse employed by the IDOC's medical contractor) refusal to provide braces following a prison doctor's order prescribing braces, violated his Eighth Amendment rights. Defendants asserted the affirmative defense that Mr. McCormick failed to exhaust his administrative remedies as required by IDOC policy and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and this action was stayed pending the development of that defense.[1] The Commissioner has moved for summary

---

[1] Defendant Commissioner's answer specifically asserted the affirmative defense of failure to exhaust administrative remedies in his June 6, 2018, answer. Dkt. 33, p. 2, ¶ 1. Defendant Trivett's June 19, 2018, answer provides that she "adopts and incorporate[s] by reference herein any and all applicable affirmative defenses raised by other defendants in this action." Dkt. 34, p.3.

judgment on this defense. Nurse Trivett has not. Mr. McCormick has not responded to the Commissioner's motion, but instead filed his own motion for summary judgment on the merits of the action. For the reasons explained below, the Commissioner's motion for summary judgment, dkt. 43, is **granted** and he is **dismissed** from this action. Mr. McCormick's motion for summary judgment, dkt. 46, is **denied as premature** and in violation of the stay entered by the scheduling order of June 20, 2018.

## II. Factual Background

Mr. McCormick's amended complaint asserts that on January 8, 2016, he entered the IDOC to serve a prison sentence. During his intake examination at the RDC, a correctional officer confiscated Mr. McCormick's leg braces, which Mr. McCormick wore because of a physical impairment. The leg braces had been custom-made for Mr. McCormick by the Veterans Administration Medical Center in Portland, Oregon. The correctional officer was informed of Mr. McCormick's medical need for the leg braces, but he refused to allow Mr. McCormick to have them, allegedly stating, "If the Commissioner of the Indiana Department of Correction wanted [Mr.] McCormick to have leg braces, he would make or supply them for [Mr.] McCormick."

After a long delay to see a prison physician, Mr. McCormick saw Dr. Palar on July 4, 2016. Dr. Palar agreed that Mr. McCormick needed his leg braces and authorized Mr. McCormick's daughter to send the braces to him. Nurse Rebecca Trivett refused the doctor's authorization and declined to allow the leg braces to be given to Mr. McCormick. Mr. McCormick filed this 42 U.S.C. § 1983 action against the Commissioner for enforcing a policy that was deliberately indifferent to his serious medical needs, and against Nurse Trivett for being deliberately indifferent to his serious medical needs.

The Commissioner moves for summary judgment because, he contends, Mr. McCormick did not exhaust his administrative remedies within the IDOC before filing this lawsuit as the PLRA requires. 28 U.S.C. § 1997e(a).

### III. Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome-determinative. *Montgomery v. American Airlines Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

### III. Undisputed Facts

At all times relevant to his Amended Complaint, Mr. McCormick was confined by the IDOC at the RDC. The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an inmate at RDC, Mr. McCormick had access to the Offender Grievance Process. All offenders are made aware of the Offender Grievance Process during orientation and

4

a copy of the Grievance Process is available in various locations within the prisons, including the law library. Dkt. 43-2 (IDOC grievance policy and procedure).

The Grievance Process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Grievance Officer of the facility where the incident occurred. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the third and final step. A grievance must be filed within twenty (20) working days from the date of the alleged incident. *Id.*

The IDOC's grievance records reflect that Mr. McCormick never filed a grievance, nor an appeal of any grievance, to either the Warden or to the Final Reviewing Authority. The grievance specialist for the RDC, Guy Rosebery, searched offender grievance records and submitted an affidavit that Mr. McCormick never submitted a formal grievance at any level. Dkt. 43-1, ¶ 21.

Mr. McCormick did not respond in opposition to these asserted facts. However, in his motion for summary judgment, dkt. 46, which the Court reviewed for the possibility it could be construed as a response in opposition, Mr. McCormick asserts that he submitted informal grievances at the Plainfield Correctional Facility. These informal grievances did not concern the issue of the confiscation of his leg braces and were submitted more than ten months after the confiscation at RDC occurred. Dkt. 46-1. The result here is that it is undisputed that Mr. McCormick did not exhaust his administrative remedies concerning his claims in this action.

## IV. Analysis

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516,

5

524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The Commissioner's evidence, unrebutted by Mr. McCormick, is that Mr. McCormick failed to avail himself of all available administrative remedies before filing this civil action. Mr. McCormick provided copies of irrelevant informal grievance attempts in his own motion for summary judgment, but those do not refute the Commissioner's evidence even if the Court were to construe that submission as a response in opposition to summary judgment. Exhaustion of administrative remedies is mandatory under the PLRA. *See Booth*, 532 U.S. at 741. Mr. McCormick makes no argument that the grievance process was unavailable to him.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. McCormick's action should not have been brought and must now be dismissed, as against defendant the Commissioner of the IDOC, without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

Defendant Nurse Trivett did not move for summary judgment and the time for doing so, established by the Court's exhaustion scheduling order, has passed. Mr. McCormick's claims against her shall proceed.

### V. Mr. McCormick's Motion for Summary Judgment

Mr. McCormick filed his motion for summary judgment on the merits of his claims on August 23, 2018. A stay of proceedings was in effect for the development of the exhaustion of administrative remedies, and no discovery on non-exhaustion matters has been permitted. Therefore Mr. McCormick's motion for summary judgment, dkt. 46, is **denied** without prejudice as premature.

### VI. Stay of Proceedings Vacated

The stay of this action order by the exhaustion scheduling Order of June 20, 2018, is vacated. A pretrial schedule shall enter by separate Order.

### VII. Conclusion

Defendant Commissioner of the Indiana Department of Correction's motion for summary judgment, dkt. 43, is **granted**. The Commissioner is **dismissed** from this action. The **clerk is directed** to terminate the Commissioner on the docket. Plaintiff William McCormick's motion for summary judgment, dkt. 46, is **denied**. No partial final judgment is necessary at this time. The stay of proceedings ordered on June 20, 2018, is **vacated** and this action shall proceed. A pretrial schedule shall enter by separate Order.

**IT IS SO ORDERED**.

Date: 1/16/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

William Robert McCormick
122 West 2nd Street
Apartment A
Marion, IN 46952

Electronically Registered Counsel