UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| WILLIAM ROBERT MCCORMICK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-03282-TWP-TAB |
| REBECCA TRIVETT, | ) | |
| Defendant. | ) | |

**Order Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

William Robert McCormick was a prisoner in the Indiana Department of Correction (IDOC) when he filed this 42 U.S.C. § 1983 action against several defendants, named and unnamed, asserting eleven claims, some unrelated to the others. At screening pursuant to 28 U.S.C. § 1915A, eight of the claims were dismissed with instructions on how Mr. McCormick could bring the claims in separate actions. *See* dkt. 9. Three claims were allowed to proceed that concerned Mr. McCormick's medically necessary leg braces, but the Court instructed him to file an amended complaint concerning those claims. *Id.* An amended complaint was filed in April 2018 naming the Commissioner of the IDOC on a policy claim and Nurse Rebecca Trivett, a medical contractor employee, on a deliberate indifference to serious medical needs claim. Dkt. 23; *see also* dkt. 24 (screening of amended complaint). The Commissioner's motion for summary judgment for failure to exhaust administrative remedies was granted, leaving Nurse Trivett as the sole remaining defendant. Dkt. 54.

Nurse Trivett has now moved for summary judgment on the merits of Mr. McCormick's claim. Dkt. 59. Mr. McCormick was served with the motion and a notice of his right to respond

and submit evidence in opposition, *id.* and dkt. 62, but he has not filed a response and the time for doing so has passed.

## I. Summary Judgment Legal Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no

"genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Not every factual dispute between the parties will prevent summary judgment, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

As noted, Mr. McCormick has not responded to Nurse Trivett's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. McCormick has conceded Nurse Trivett's version of the events and factual assertions. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Mr. McCormick's Claims

In his amended complaint, dkt. 23, Mr. McCormick stated that he entered the IDOC on January 8, 2016. Upon intake examination at the reception facility, an intake officer confiscated Mr. McCormick's leg braces, which had been custom made for him by the Veterans Affairs Medical Center in Portland, Oregon. Approximately a month later, when Mr. McCormick was at his assigned prison facility, he submitted a request for healthcare asking for his leg braces. He was eventually seen by a physician who determined that the leg braces were medically necessary and wrote an order to allow Mr. McCormick's daughter to send them into the facility. Mr. McCormick

3

alleged that the defendant, Nurse Rebecca Trivett, received the physician's order on July 4, 2016, and "said no." Dkt. 23.

The Court screened the amended complaint, and relevant to the instant motion, directed that an Eighth Amendment deliberate indifference to serious medical needs claim proceed against Nurse Trivett. Dkt. 24.

### III. Statement of Material Facts

Pursuant to the legal standard recited above and Mr. McCormick's failure to respond to the motion for summary judgment, the following facts presented by Nurse Trivett are undisputed and accepted as true for purposes of summary judgment, although all permissible inferences will be drawn in Mr. McCormick's favor. *See Agnew v. National Collegiate Athletic Ass'n,* 683 F.3d 328, 334 (7th Cir. 2012).

Mr. McCormick submitted a request for health care at the Plainfield Correctional Facility on March 16, 2016, asking for leg braces. Dkt. 61-2, p. 1 (medical records of plaintiff). Nurse Trivett, an employee of the medical contractor (Corizon) at the prison, saw Mr. McCormick on May 24, 2016, as part of his provider visit with Dr. Murat Polar. Dkt. 61-1, ¶ 9 (affidavit of Nurse Trivett). Nurse Trivett believed that Dr. Polar wrote an order allowing Mr. McCormick to have his daughter send his leg braces from his home to the prison. *Id.* Mr. McCormick alleges that on July 4, 2016, Nurse Trivett told him that he could not have his leg braces sent to him. Dkt. 23, p. 3. However, Nurse Trivett has checked Mr. McCormick's medical records and finds no visit with the physician or her on July 4, 2016. Dkt. 61-1, ¶ 12. Nurse Trivett had no personal involvement in the decision to confiscate Mr. McCormick's leg braces on his entry into IDOC. *Id.*, ¶ 6. Nurse Trivett did not tell Mr. McCormick he could not have leg braces and never refused to give him his leg braces. *Id.*, ¶ 12.

4

## IV. Discussion

The only remaining claim in this action is that Nurse Trivett was deliberately indifferent to Mr. McCormick's serious medical needs by denying him his leg braces. Nurse Trivett has by affidavit testified that she did not deny Mr. McCormick's request for leg braces, and she had nothing to do with their initial confiscation. Dkt. 61-1. Mr. McCormick has not submitted evidence to demonstrate that a genuine issue of material fact exists as to Nurse Trivett's testimony.

Mr. McCormick's amended complaint asserts that Nurse Trivett's deliberate indifference occurred on July 4, 2016. Dkt. 23. Nurse Trivett testified that in her review of Mr. McCormick's medical records he was not seen by her on that date. Dkt. 61-1. But the submitted medical records show that Nurse Trivett did see Mr. McCormick on July 6, 2016, so Mr. McCormick was simply wrong on the exact date of his visit with Nurse Trivett. *See* dkt. 61-2, p. 10-11. These records also show that the leg braces were discussed. *Id.* But they do not reflect that Nurse Trivett refused to allow Mr. McCormick to have his daughter send his leg braces to the facility. *Id.*

Two other factors weigh in Nurse Trivett's favor. First is her undisputed testimony that as a nurse, she had no authority to order medical supplies or products. Dkt. 61-1, ¶ 7. Second is that the medical records reflect that as late as July 11, 2016, Mr. McCormick told health care providers that his custom braces could not be found at his home and he was asking for new ones. *See* dkt. 61-2, p. 12. The notes of that visit reflect that x-rays of Mr. McCormick's feet were to be taken and "based on those, to proceed on to the braces' [sic] request." *Id.* at p. 13. This note suggests that after the date Mr. McCormick contends Nurse Trivett refused his request for leg braces, steps were being taken to obtain braces for him.

On this undisputed evidence, the Court finds that no reasonable trier of fact could find that Nurse Trivett was deliberately indifferent to Mr. McCormick's serious medical needs. She is entitled to summary judgment.

## V. Conclusion

For the reasons explained above, defendant Nurse Rebecca Trivett's unopposed motion for summary judgment, dkt. [59], is **granted**. Judgment for the defendant and against the plaintiff will be entered. As this Order resolves the only remaining claim in this action, the action is now **dismissed with prejudice**. Final judgment consistent with this Order, the Order of January 16, 2019, granting summary judgment for the Commissioner of the Indiana Department of Correction, and the Order of April 17, 2018, screening the amended complaint and dismissing all other claims and defendants, shall now enter.

**IT IS SO ORDERED**.

Date: 10/17/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Robert McCormick
122 West 2nd Street, Apt. A
Marion, IN 46952

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
jeb@bleekedilloncrandall.com

Jill Esenwein
Bleeke Dillon Crandall Attorneys
jill@bleekedilloncrandall.com

Amanda Elizabeth Fiorini
Indiana Attorney General
Amanda.Fiorini@atg.in.gov

Joshua Robert Lowry
Indiana Attorney General
joshua.lowry@atg.in.gov

Britney Jade McMahan
Katz Korin Cunningham, P.C.
bmcmahan@kkclegal.com